PHILLIP J. HOFFMANN, Respondent, v. RUSSELL REALTY CO., INC., and Others, Defendants; LONGISLE DEVELOPMENTS, INC., and HOLBROOK OPERATING CO., INC., Appellants.— In an action brought to set aside conveyances of real and personal property of a corporation of which the plaintiff-respondent was a judgment creditor, judgment in favor of plaintiff affirmed, with costs. No opinion. Appeal from decision dismissed. Such appeal does not lie. Hagarty, Johnston, Adel and Taylor, JJ., concur; Close, J., dissents, with the following memorandum: The plaintiff failed to make out a cause of action under section 15 of the Stock Corporation Law or section 44 of the Personal Property Law. The relief that he has obtained is based upon the apparent ground that he made out a case of actual fraud on the part of Rosenthal and Giller. In my opinion there is insufficient evidence on this record to establish actual fraud. It is true that they controlled the corporation (Longisle Developments, Inc.) which purchased the entire assets of the Russell Realty Co., Inc., the plaintiff's debtor. There is nothing unusual about the manner in which this purchase and sale took place in so far as Rosenthal and Giller are concerned. They obtained from the vendor a verified list of the creditors of the vendor and notified each of the creditors on that list of their intention

to purchase those assets and the proposed terms of the purchase. It is true that the plaintiff's claim was not included in the list of creditors furnished. There is no proof that Rosenthal and Giller had any actual knowledge of this claim prior to the purchase of the assets of the Russell Realty Co., Inc. At the time of the purchase, a committee of the creditors of the Russell Realty Co., Inc., had been appointed. Russell himself was the largest individual creditor of that corporation. The offer to purchase was submitted to the committee of the creditors and accepted by them. The personal property of the corporation had been levied upon and was already under the sheriff's hammer. Under such circumstances, I do not believe that actual fraud can be imputed to either Rosenthal or Giller. It is claimed that Kosman, one of the attorneys who represented Rosenthal and Giller, had knowledge of the plaintiff's claim against the Russell Realty Co., Inc. It is true that the firm of which Mr. Kosman was a member had appeared in the action brought by the plaintiff here against the Russell Realty Co., Inc., and that this same firm also represented Rosenthal and Giller in the purchase of the assets of the Russell Realty Co., Inc. But I am of the opinion that, even assuming that Kosman had knowledge of the claim, that knowledge cannot be imputed to Rosenthal and Giller. The attorney was representing diverse interests. The interests were diverse because, while there might be an apparent motive for the Russell Realty Co., Inc., to conceal this claim, there could be no motive on the part of Rosenthal and Giller. Their offer to purchase was, of necessity, based on a total amount to be expended. If the total debts were increased by the inclusion of this plaintiff's claim, the only result would have been a smaller percentage distribution. There must be clear proof to establish that the knowledge or notice was present in the mind of the agent at the time of the transaction in question. (*McCutcheon* v. *Dittman*, 164 N. Y. 355.) It follows that there must not be any diverse interest on the part of the agent. There must be undivided loyalty to his principal if his principal is to be bound. The agent must not be in a position where he is trying to serve two masters at the same time. Omitting this imputed notice, it must be conceded that Rosenthal and Giller were ignorant of the plaintiff's claim. Assuming that the Russell Realty Co., Inc., intended to cheat this plaintiff, there is no proof that Rosenthal and Giller had any knowledge of it. In order to receive the relief granted here, actual fraud must be found. (Debtor and Creditor Law, § 276.) The deed is constructively fraudulent. Under such circumstances, the property should be held as security for what the appellants paid for it, the rents, income and profits therefrom and expenses thereof accounted for, and the plaintiff's rights determined accordingly. (*Pond* v. *Comstock*, 20 Hun, 492; aff'd. on opinion of General Term, 87 N. Y. 627; *Loos* v. *Wilkinson*, 113 id. 485.) The judgment should be reversed and the matter remitted to the Special Term to proceed accordingly.